UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-283-MOC
(3:13-cr-108-MOC-1)

| | |
|---|---|
| DERRICK WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The Government has filed a Motion to Dismiss this § 2255 action. (Doc. No. 5).

I.     **BACKGROUND**

On June 19, 2013, Walker pled guilty in this Court to one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g). Plea, Doc. No. 10; Accept. and Entry of Plea, Doc. No. 12.[1] The presentence investigation report ("PSR") applied § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G.") when determining Walker's advisory guideline range. PSR ¶ 21, Doc. No. 18. That provision provides a base offense level of 24 to a defendant who committed his offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The PSR shows Walker has prior state convictions for Common Law Robbery

---

[1] Unless otherwise indicated, docket citations that do not appear in parenthesis are from Petitioner's underlying criminal case, United States v. Walker, 3:13-cr-108-MOC-1 (N.C.W.D.).

1

(N.C.), Possession with Intent to Distribute Crack Cocaine (GA), and Robbery with a Dangerous Weapon (N.C.). PSR ¶ 21.

At sentencing, the Court concluded Walker's sentencing guideline range was 70-87 months imprisonment. Stmnt. of Reasons Sect. III, Doc. No. 22. The Court sentenced Walker to 84 months in prison. J., Doc. No. 21. Walker did not appeal.

Walker filed the instant pro se Motion to Vacate on June 1, 2016, arguing that his sentence should be vacated and he should be resentenced because, under Johnson, his prior North Carolina conviction for common law robbery no longer qualifies as a "crime of violence" under the Guidelines.[2] The Court stayed this action on November 10, 2016, pending the United States Supreme Court's resolution of Beckles v. United States. (Doc. No. 4.).

Beckles has now been resolved. 137 S. Ct. 886 (2017). The Government has filed a Motion to Dismiss the § 2255 Motion to Vacate based on Beckles. (Doc. No. 5.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Walker of his right to respond to the Government's Motion and provided him 30 days to do so. (Doc. No. 6.) As of entrance of this Order, Walker has not responded to the Government's Motion to Dismiss.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter,

---

[2] "Crime of violence" in § 2K2.1 has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. See USSG § 2K2.1, cmt. n.1. (2012). When Petitioner was sentenced, the term "crime of violence" under § 4B1.2(a), meant any offense punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a) (2012).

the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[3] is void for vagueness, 135 S. Ct. at 2558; the right to raise a claim under Johnson is retroactive on collateral review, Welch v. United States, 136 S. Ct. 1257, 1265 (2016). However, Johnson addresses only the ACCA's residual clause and "does not call into question application of the Act to the four enumerated offenses, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563.

Moreover, the holding in Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Accordingly, Johnson is inapplicable to Walker's challenge to the use of his common law robbery conviction as a predicate offense under § 2K2.1. See id.

## IV. CONCLUSION

Section 2255 relief is foreclosed under Beckles. See id. Therefore, the Court shall deny Petitioner's § 2255 Motion to Vacate and grant the Government's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**;

2. The Government's Motion to Dismiss (Doc. No. 5) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases,

---

[3] The ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 29, 2018

Max O. Cogburn Jr
United States District Judge